GEISINGER vs. BEYL.

PRACTICE:   ORDERS.   *Valid order, not vacated or reversed, cannot be disregarded, though erroneous.*

After verdict for the plaintiff in ejectment, where defendant claimed under a tax deed, the court made an order reciting that it had not been made to appear that the premises were not subject to the tax for which they were sold, or that they had been redeemed, or that the tax had been paid, and directing that, upon payment to defendant within ninety days of the amount for which the premises were sold, with interest, etc., plaintiff should have judgment.   Without performing the conditions, and without further motion, or notice to the defendant, plaintiff, in vacation, procured a judgment in his favor to be entered by the clerk, as of the trial term.   On appeal from an order of the circuit court refusing to vacate such judgment:   *Held,* that as the order was one which the court had power to make in certain conditions of the cause, so long as it was not vacated, the entry of judgment without fulfillment of *its* conditions was irregular, and it was error to refuse to vacate such judgment on defendant's motion.

APPEAL from the Circuit Court for *Polk* County.

Ejectment.  Defendant appealed from an order of the circuit court refusing to set aside a judgment in favor of the plaintiff.  The case is stated in the opinion.

For the appellant, there was a brief by *Baker & Spooner*, and oral argument by *John C. Spooner* and *I. C. Sloan.*  To the point that the order for judgment on conditions, being a judicial determination by a court having jurisdiction of the parties and the subject matter, was binding upon the parties until set aside or reversed, and could not be disregarded, they cited *Gould v. Root*, 4 Hill, 554; *Jackson v. Jackson*, 3 Cow., 73; *Roorevett v. Gardinier*, 2 id., 463; *Starr v. Francis*, 22 Wend., 633; *Blackmar v. Inwager*, 5 How. Pr., 367; *Harris v. Clark*, 10 id., 415; *Williams v. Murray*, 32 id., 187; *Pinckney v. Hagerman*, 4 Lans., 374; *Tallman v. McCarty*, 11 Wis., 401; *Salter v. Hilgen*, 40 id., 363.  They further contended that, even if plaintiff had complied with the order, it would have been his duty to make proof of such compliance, and apply to the court for judgment *(Massing v. Ames*, 36 Wis., 409); and that on the proof made to the court that he had deliberately and intentionally failed to comply with the order, the court should have set aside the judgment and dismissed the action.

*Vilas & Bryant*, for the respondent:

1. The order was not appealable.  If the judgment is erroneous for the reason assigned, the error appears on the face of the record; and the remedy was by appeal from the judgment. 2. Ch. 270 of 1874 authorizes an order like the one here made, for judgment upon condition, only " when the court or jury *find* " that plaintiff is entitled to recover the lands " by reason of a defect or insufficiency " in the tax deed under which defendant claims, or in the proceedings prior to the sale.  The finding meant must be by verdict or the written decision of a judge which takes the place of verdict when a jury is waived.  There was no such finding here, and no such issue

in the case; but defendant was defeated because, being plaintiff's agent, he took the tax deed in fraud of his principal. The order is therefore void for want of jurisdiction to make it, the remedy being statutory, limited and special. *Holmes v. McIndoe*, 20 Wis., 657. 3. If the order was within the jurisdiction of the court, still it was wholly unauthorized by law. Plaintiff was entitled to his judgment immediately upon verdict found. If the present judgment were vacated, it would be the duty of the court to vacate the conditional order, and immediately reënter this judgment. If, therefore, it was error to enter the judgment without setting aside that order, it was an error which did not "affect the substantial rights" of the defendant, and was properly disregarded by the court below. R. S., ch. 125, sec. 40 (Tay. Stats., 1447, § 44); *Bacon v. Bicknell*, 17 Wis., 523; *Rahn v. Gunnison*, 12 id., 528, and cases cited in new edition; *Holmes v. McIndoe, supra.*

ORTON, J. This is an appeal from an order of the circuit court denying the motion of the appellant to set aside the judgment entered against him in favor of the respondent.

The judgment appears, upon the record, to have been entered as of the term of the court held on the fourth Monday of September, 1876; but, according to the affidavit of H. C. Baker, Esq., and which fact is not denied, it was really entered by the clerk in the vacation after such term, on the ninth day of February, 1877, and without notice, and attached to the judgment roll by said clerk.

It appears, also, by said affidavit, that the appellant, in defense to the suit, set up a claim of title and to the right of possession of the premises in dispute, by virtue of certain tax deeds issued to him by the county of Polk.

There being no bill of exceptions containing the evidence in respect to this defense, this court cannot know what testimony was received and considered by the jury, or by the court, upon

Geisinger vs. Beyl.

the subject, but must presume that there was some evidence which the circuit court deemed sufficient to warrant the order entered by the court during the term and after the verdict on the twenty-sixth day of October, 1876.

This order recites that, on the trial of said action, it has not "been made to appear affirmatively by the plaintiff that said premises were not liable to taxation for the tax for which they were sold, or that said premises were redeemed from such sale, or that the taxes for which said lands had been sold were paid;" and thereupon the court orders that the plaintiff have the judgment to which he has shown himself entitled, "upon the payment to the defendant, within ninety days, of the amount for which said premises were sold, with penalty and interest as provided by ch. 22, Laws of 1859, and also all taxes," etc.

It is quite obvious that the circuit court considered that such an order was proper in the case by reason of the claim under the tax deeds and the evidence in relation thereto, and was, in fact, required by ch. 270, Laws of 1874.

The circuit court may have erred, and the order may have been irregular and improper; but it certainly cannot be treated as a nullity. It was such an order as would have been quite proper, and as the circuit court had jurisdiction and power to make, in certain conditions of the cause; and that court must have determined that such conditions existed; and if such determination was erroneous, there was a way of correcting such error and vacating said order; but while it is upon the record, it must be treated as valid and effectual, at least to postpone the entry of final judgment in the cause.

Without either setting aside the order or performing the conditions and proving such performance to the court, and without any motion or other application to the court or notice to the appellant, the final judgment was entered by the clerk, and that, too, in vacation.

There can be no doubt of the irregularity of this judgment,

and it should have been vacated by the circuit court upon the motion. *Tallman v. McCarty*, 11 Wis., 402; *Salter v. Hilgen*, 40 id., 363; *Massing v. Ames*, 36 id., 410.

When the judgment is so vacated, the respondent will be in the condition to take such proper action to obtain a final judgment, as he may be advised.

*By the Court.* — The order of the circuit court appealed from is reversed, with costs.

RYAN, C. J., and LYON, J., took no part.